UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       No. 07-232

TERRANCE HENDERSON                           SECTION: "J"

## ORDER AND REASONS

Before the Court are a *Motion to Vacate Under 28 U.S.C. § 2255* **(Rec. Doc. 54)**, filed by Petitioner Terrance Henderson, and the Government's opposition (Rec. Doc. 56). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On February 20, 2008, Petitioner was sentenced by this Court to 56 months of imprisonment after pleading guilty to one count of felon in possession of a firearm. While on supervised release for the conviction, Defendant pled guilty to conspiracy to possess with intent to distribute 1 kilogram of heroin, for which he was sentenced by another section of the Eastern District of Louisiana Court to 240 months imprisonment, *United States v. Guyton et al.*, No. 11-271 (E.D. La. Dec. 17, 2014), ECF No. 1143, and for which he had his supervised release revoked, (Rec. Doc. 45 (sentencing Petitioner to an additional 24 months for the violation, running concurrent with his drug conviction)). Defendant now moves to vacate his felon in possession conviction on Second Amendment grounds. The Government opposes,

1

contending the 28 U.S.C. § 2255 application is time-barred, procedurally barred, and meritless.

## LEGAL STANDARD

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a § 2255 motion. The statute identifies four bases: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id*. A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a § 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id*. After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine

2

whether an evidentiary hearing is warranted. RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

## DISCUSSION

### I. Claims Are Untimely

Pursuant to 28 U.S.C. § 2255(f), all § 2255 petitions must be filed within one year of (1) the date on which the judgment of conviction becomes final; (2) the date on which the governmental impediment to making a motion in violation of the Constitution or laws of the United States is removed; (3) the date on which the newly recognized right asserted was initially recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant case, Petitioner filed his § 2255 motion in July of 2024—over sixteen years after his judgment of conviction became final. *See* Rec. Doc. 22; *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012) ("When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a

direct appeal expires."). Accordingly, Petitioner fails to meet the first possibility of timeliness as required by 28 U.S.C. § 2255(f).

The second option likewise is not satisfied, as there was no impediment created by government action that prevented Petitioner from filing a motion under 28 U.S.C. § 2255. The types of impediments contemplated include prisons restricting prisoners' access to law libraries, legal assistance, or legal materials. See *United States v. Saenz-Lopez*, 361 F. Appx. 593, 595 (5th Cir. 2010); *Salazar-Rodriguez v. United States*, No. 13-172, 2015 WL 12672325, at *4 (S.D. Tex. Aug. 5, 2015).

Regarding the third timeliness option of 28 U.S.C. § 2255(f), Petitioner alleges that recent United States Supreme Court decisions conferred a new substantive constitutional right recognized by the Supreme Court that should apply to his case. (Rec. Doc. 54 at 4). Specifically, Petitioner contends *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *cert. granted*, 143 S. Ct. 2688 (2023) recognized a previously convicted felon's Second Amendment right to bear arms. The Supreme Court caselaw, however, forecloses any such argument. Reversing the Fifth Circuit's ruling in *Rahimi*, the Court clarified that its caselaw "does not suggest that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse[.]" *United States v. Rahimi*, 144 S. Ct. 1889, 1891 (2024) (citing *D.C. v. Heller*, 554 U.S. 570, 626 (2008)). As support for the statement, the *Rahimi* Court relied on section from its *Heller* opinion:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, *nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Heller*, 554 U.S. at 626–27 (emphasis added). As the Court states explicitly in *Rahimi*, nothing in *Bruen* or other Second Amendment caselaw calls into question the constitutionality of federal laws prohibiting felons to possess a firearm. Accordingly, Petitioner cannot make his application timely through the assertion of a newly recognized Second Amendment right.

Finally, Petitioner cites no supportive facts, revealed within a year of his application, to sustain his claim. In sum, Petitioner's application arrives over sixteen years after his conviction became final and, in turn, over fifteen years after his application deadline. Accordingly, the application is time-barred.

## II. Petitioner's Claims Are Procedurally Barred

"Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (citation omitted). A defendant "may not raise an issue for the first time on collateral review without showing both cause for his procedural default, and actual prejudice resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (internal quotations omitted). "A defendant can establish 'cause' by showing that an objective impediment that is

external to his defense prevented him from raising a claim on direct appeal." *United States v. Rodney*, No. 10-102, 2014 WL 6607069, at *3 (E.D. La. Nov. 18, 2014) (citing *United States v. Flores*, 981 F.2d 231, 235 (5th Cir. 1993)). Where the asserted cause is a development in the law, the petitioner must show he had no "reasonable basis" to assert the legal theory due to the decision's "clear break with the past". *Reed v. Ross*, 468 U.S. 1, 17 (1984) (citation omitted). Put another way, the mere fact that a claim would have been futile on direct appeal is insufficient to overcome procedural default. *Scruggs*, 714 F.3d at 264. As the Western District of Louisiana Court recently observed, "a text-and-history-based Second Amendment challenge to a federal firearms law does not meet [the § 2255 cause] standard". *United States v. Wilson*, No. 21-268, 2023 WL 7095722, at *2 (W.D. La. Oct. 26, 2023). Finally, as to prejudice, "the defendant must demonstrate not just the possibility of prejudice, 'but an actual and substantial disadvantage, infecting his entire proceedings with error of constitutional dimension.'" *Rodney*, 2014 WL 6607069, at *3 (quoting *Shaid*, 937 F.2d at 233) (internal quotations omitted).

In the instant case, Petitioner did not file a direct appeal and, therefore, did not argue on appeal Second Amendment claim set forth in his application. The Court finds that Petitioner's claims in his § 2255 motion are procedurally barred because he cannot establish cause for the procedural default and actual prejudice resulting from any error. *See Shaid*, 937 F.2d at 232. First, Petitioner does not allege that he was prevented from challenging his conviction and sentence as a result of an objective impediment external to his defense. Thus, he has not shown cause for his procedural

default. Second, his *Bruen*-related challenge does not present sufficient cause for failure to present a textually based Second Amendment challenge on direct appeal. Finally, Petitioner has not shown prejudice resulting from any error. Petitioner's claims are procedurally barred and should be denied on that measure.

### III.   Petitioner's Claims Are Without Merit

As previously noted, Petitioner's reliance on *Bruen* and *Rahimi* is inapt. Although conceivably an argument at the time Petitioner signed his application, the Supreme Court's clarification less than a month later provides unmistakable support for 18 U.S.C. § 922(g)'s prohibition of felon's possession of a firearm. *United States v. Rahimi*, 144 S. Ct. 1889 (2024) (decided June 21, 2024). Simply, Second Amendment restrictions, "like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Id.* at 1891 (quoting *Heller*, 554 U.S. at 626, 627, n. 26). On the merits, Petitioner's claim must be denied.

As Petitioner presents no "independent indicia of the likely merit of [his] allegations", no hearing is necessary. *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

### CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Proceedings states:

The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.

A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

With an application time-barred, procedurally barred, and without merit, Petitioner has not made a substantial showing of the denial of a constitutional right. A certificate of appealability will not issue.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Terrance Henderson's *Motion to Vacate Under 28 U.S.C. § 2255* **(Rec. Doc. 54)** is **DENIED**.

New Orleans, Louisiana, this 7th day of October, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE